IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAM J. PEARSON, IV ,
     Plaintiff,

vs.                                     Case No. 3:11cv82/RV/EMT

MARCI GOODMAN
     Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1), and his motion to proceed in forma pauperis (Doc. 2). For the limited purpose of dismissal of this action, leave to proceed in forma pauperis will be granted.

Plaintiff, a non-prisoner proceeding pro se, names one Defendant in this action: Judge Marci Goodman, Escambia County Circuit Court judge. According to the allegations of the complaint, Plaintiff was arrested on May 25, 2010 (Doc. 1 at 3). Following his arrest Plaintiff was taken before Judge Goodman; Plaintiff also appeared before Judge Goodman in the same criminal case on November 17, 2010 (*id.*). Plaintiff alleges that at his first appearance he demanded that Judge Goodman dismiss the charges against him [which charges are not identified in the complaint] for lack of subject matter jurisdiction but that she refused to do so; instead, she directed court security to remove Plaintiff from the courtroom and he was placed in a cell with no bathroom (*id.*). At Plaintiff's second court appearance, Judge Goodman entered a plea of not guilty on Plaintiff's behalf without his consent (*id.*). Alleging that Judge Goodman's actions denied him due process, Plaintiff seeks as relief an injunction "compelling the court to prove jurisdiction and a stay of the proceeding," as well as monetary damages of an unspecified amount (*id.* at 4).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that dismissal of this action is warranted.

As an initial matter, Plaintiff cannot recover damages from Judge Goodman. Judges acting in their judicial capacity are absolutely immune from damages suits. <u>Mireles v. Waco</u>, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526–27, 105 S. Ct. 2806, L. Ed. 2d 411 (1985)); <u>Dennis v. Sparks</u>, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); *see also* <u>Sun v. Forrester</u>, 939 F.2d 924, 925–26 (11th Cir. 1991). Immunity may be overcome only (1) where the judge has not acted within her judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); <u>Mireles</u>, 502 U.S. at 11; <u>Forrester v. White</u>, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a "judicial" one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." <u>Mireles</u>, 502 U.S. at 11 (citing <u>Stump</u>, 435 U.S. at 362); *see also* <u>Simmons v. Conger</u>, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." <u>Mireles</u>, 502 U.S. at 13 (citing <u>Stump</u>, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action she took was in error, was illegal, was done maliciously, or was in excess of his authority. <u>Stump</u>, 435 U.S. at 355–57; *see also* <u>Mireles</u>, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when she acted in clear absence of all jurisdiction, and knew or must have known that she was acting in such a manner. <u>Simmons</u>, 86 F.3d at 1084–85 (citing <u>Stump</u>, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. <u>Dykes v. Hosemann</u>, 776 F.2d 942, 946–47 (11th Cir. 1985) (citations omitted). Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. <u>Stump</u>, 435 U.S. at 357. Thus,

where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. <u>Harper v. Merckle</u>, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded her jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. <u>Stump</u>, 435 U.S. at 357 (quotation omitted).

In the instant case, the complained-of conduct—Judge Goodman's refusal to dismiss the state criminal charges against Plaintiff and her entering a not guilty plea on his behalf—are quintessential judicial functions. Furthermore, as Plaintiff was the defendant in the case over which Judge Goodman presided, Plaintiff was dealing with Judge Goodman in her judicial capacity. Moreover, although Plaintiff apparently would like to contend otherwise, the facts as alleged do not suggest that Judge Goodman acted in the complete absence of jurisdiction to hear the state court criminal case. Therefore, judicial immunity shields Judge Goodman from a suit for damages.

Additionally, the principles announced in <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), dictate that Plaintiff's § 1983 claims for injunctive or declaratory relief (i.e., for dismissal or stay of any pending charges) be dismissed. <u>See</u> <u>Hicks v. Miranda</u>, 422 U.S. 332, 348–50, 95 S. Ct. 2281, 2291–92, 45 L. Ed. 2d 223 (1975). In <u>Younger</u>, the Supreme Court held that concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances." <u>Younger</u> abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional issues. <u>Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). Plaintiff does not assert, nor do the allegations of the complaint suggest, that the <u>Younger</u> requirements are not satisfied in this case, including with respect to Plaintiff's being afforded an adequate opportunity to raise constitutional issues in the pending state proceedings. Accordingly, this court should abstain from interfering in Plaintiff's ongoing criminal proceedings in state court by providing injunctive or declaratory relief.

Plaintiff's claims should also be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), which applies both to actions for monetary damages and for

injunctive relief. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005). A civil rights action under § 1983 that necessarily calls into question the validity of a conviction, sentence, or confinement cannot be brought until the plaintiff can demonstrate that the conviction or sentence had been reversed, expunged, or otherwise declared invalid. *Id.* at 487. This has been referred to as the "favorable termination" requirement. *See* <u>Uboh v. Reno</u>, 141 F.3d 1000, 1004–06 (11th Cir. 1998). The <u>Heck</u> bar is appropriately applied when outstanding criminal charges remain pending. *See* <u>Wiley v. City of Chicago</u>, 361 F.3d 994, 996 (7th Cir. 2004); <u>Gonzalez v. Entress</u>, 133 F.3d 551, 553 (7th Cir. 1998). In other words, where charges are outstanding against a plaintiff and his constitutional claims would necessarily imply the invalidity of a potential conviction, the action is barred under <u>Heck</u>. *See* <u>Washington v. Summerville</u>, 127 F.3d 552, 556 (7th Cir. 1997). In the instant case, Plaintiff's due process challenges in effect are challenges to his pending state charges. Plaintiff cannot establish the favorable termination requirement because it is evident that his criminal charges have not yet been resolved. Accordingly, his claims are not presently cognizable under § 1983.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." <u>Corsello v. Lincare, Inc.</u>, 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001). In this case, amendment would be futile. Therefore, dismissal is appropriate for the failure to state a claim for relief and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED.**


And it is respectfully **RECOMMENDED**:

That this cause be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

At Pensacola, Florida, this 28th day of February 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).